1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL LENOIR SMITH,                      No.  2:15-cv-1598 KJN P

12                  Plaintiff,

13        v.                                     ORDER

14   DARREN ALBEE, et al.,

15                  Defendants.

16

17   I.  Introduction

18        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

19   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

20   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

21   § 636(b)(1).

22        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

23   Accordingly, the request to proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

25   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

27   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

28   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4    § 1915(b)(2).

5    II.  Screening

6        The court is required to screen complaints brought by prisoners seeking relief against a

7    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20    1227.

21        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25    In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27    sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

28    facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

    A. Claims based on 2002 or 2003 Events

    Plaintiff claims that defendant Albee attacked plaintiff on April 13, 2002, and then falsely accused plaintiff of assault to cover up Albee's actions. Plaintiff contends that on April 25, 2002, defendant Treat wrote plaintiff up for attempted murder of a peace officer, and on April 13, 2002, defendant Epperson put plaintiff in a restraint chair. Following jury trials, plaintiff was acquitted of attempted murder in December of 2002, and subsequently acquitted of all charges.

    Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). A claim under 42 U.S.C. § 1983 accrues when the "wrongful act or omission results in damages." Wallace v. Kato, 549 U.S. 384, 388, 391, 127 S. Ct. 1091 (2007); Hardin v. Staub, 490 U.S. 536, 543-44, 109 S. Ct. 1998 (1989) (federal law governs when a § 1983 cause of action accrues). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

    California law determines the applicable statute of limitations in this § 1983 action. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Until December 31, 2002, the applicable state limitations period was one year. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 340(3) (West Supp.2002); see also Maldonado, 370 F.3d at 954-55.[1] Effective January 1, 2003, the applicable California statute of limitations was extended to two

---

[1] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (citations omitted).

3

1   years.  See Blanas, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1).  However, the new

2   statute of limitations period does not apply retroactively.  Maldonado, 370 F.3d at 955.  California

3   law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge,

4   or in execution under the sentence of a criminal court for a term less than for life."  Cal. Civ.

5   Proc. Code § 352.1.[2]  The limitations period is also tolled while the prisoner completes the

6   mandatory exhaustion process.  Brown v. Valoff, 422 F.3d 926. 942-43 (9th Cir. 2004).

7        Here, plaintiff first became aware in April of 2002 that defendant Albee falsely accused

8   plaintiff.  On April 25, 2002, plaintiff was issued an incident report #0849352330 for attempted

9   murder of a peace officer by Deputy D. Treat, subsequently found guilty, and administratively

10   punished.  (ECF No. 1 at 6.)  Criminal charges were also brought against him in the Sacramento

11   County Superior Court, including charges of attempted murder and assault of a peace officer.  On

12   December 19, 2002, a jury found plaintiff not guilty of attempted murder, but a mistrial was

13   declared on the assault charges.  Plaintiff was subsequently acquitted by a jury of the charges

14   alleged by defendant Albee.  (ECF No. 1 at 11.)

15        Thus, plaintiff's claims based on defendant Albee's alleged false charges in April of 2002,

16   and plaintiff's acquittal of attempted murder charges accrued in December of 2002 are subject to

17   a one year statute of limitations period because such claims precede the 2003 extension of the

18   limitations period.  Maldonado, 370 F.3d at 955.

19        Plaintiff is entitled to tolling of the statute of limitations period for an additional two

20   years.  Blanas, 393 F.3d at 927 n.5.  Therefore, plaintiff was required to bring his civil rights

21   claims based on defendant Albee's actions on or before April of 2005 and December of 2005,

22   respectively.  Plaintiff did not file the instant action until July 11, 2015, over ten years too late.

23   Even assuming, arguendo, the court were to grant plaintiff the additional year of tolling, it would

24   not be sufficient to toll the statute of limitations period inasmuch as plaintiff became aware of

25   Albee's alleged false charges in April of 2002.  Plaintiff did not provide the date for his

26

27   [2]  "The California courts have read out of the statute the qualification that the period of
     incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling."
28   Blanas, 393 F.3d at 927 n.5 (citations omitted).

4

1  subsequent acquittal of charges alleged by Albee, but if the acquittal occurred in 2003, plaintiff's

2  claims accruing from the subsequent acquittal would also be time-barred, as the limitations period

3  would expire in 2007.[3]  Similarly, any attempt to challenge the 2002 incident report #0849352330

4  would also be time-barred.

5        Federal courts generally apply the forum state's law regarding equitable tolling.  Fink, 192

6  F.3d at 914.  Under California law, a plaintiff must meet three conditions to equitably toll a

7  statute of limitations:  (1) he must have diligently pursued his claim; (2) his situation must be the

8  product of forces beyond his control; and (3) the defendants must not be prejudiced by the

9  application of equitable tolling.  See Hull v. Central Pathology Serv. Med. Clinic, 28 Cal.App.4th

10  1328, 1335, 34 Cal.Rptr.2d 175 (1994).  Given the lengthy delay here, it is unlikely that plaintiff

11  could plead facts demonstrating an entitlement to equitable tolling for a nine or ten year period of

12  time.

13        Because plaintiff's claims based on events in 2002 and 2003 are, on their face, barred by

14  the statute of limitations, plaintiff should not renew such claims in any amended complaint.

15        B.  Defendants Rather and Pacillas

16        Plaintiff included no charging allegations as to defendants Rather and Pacillas.

17        The Civil Rights Act under which this action was filed provides as follows:

18            Every person who, under color of [state law] . . . subjects, or causes
              to be subjected, any citizen of the United States . . . to the
19            deprivation of any rights, privileges, or immunities secured by the
              Constitution . . . shall be liable to the party injured in an action at
20            law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

24  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

25  _____

26  [3]  Plaintiff also includes claims concerning his wife's inability to visit plaintiff, as well as
    allegations that his wife was subjected to false criminal charges as well.  (ECF No. 1 at 7-9.)
27  Plaintiff is advised that he does not have standing to pursue claims on his wife's behalf; she must
    file her own action.  Moreover, it appears that her claims may also be time-barred, as they appear
28  to have accrued between 2002 and 2004.  (Id.)

affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Because plaintiff included no charging allegations as to defendants Rather and Pacillas, the court is unable to evaluate such claims.  However, if plaintiff's claims against such defendants are based on defendant Albee's alleged false charges against plaintiff, or events that took place in 2002 or 2003, such claims would also be barred by the statute of limitations and should not be included in any amended complaint.

C.  Defendant Epperson

Plaintiff includes more recent allegations concerning defendant Epperson.  Plaintiff claims that while he was housed at the Sacramento County Main Jail from 2013 to 2015 for purposes of resentencing, defendant Epperson allegedly retaliated against plaintiff based on the attempted murder charge despite plaintiff having been acquitted of such charge.  (ECF No. 1 at 11.) Plaintiff alleges that defendant Epperson arbitrarily removed plaintiff from the Inmate Accountability Program, and presided over a disciplinary hearing in which he pre-judged plaintiff

6

1    based on the prior incident, and found plaintiff guilty.  Plaintiff appealed the guilty finding, but

2    was denied relief, and placed in isolation.  About seven months later, plaintiff learned that prior to

3    the disciplinary hearing, defendant Epperson annotated plaintiff's locator card with the following

4    language:  "Caution 664/187 on a deputy per Sgt. Epperson."  (ECF No. 1 at 12.)  Subsequently,

5    during an escort from a settlement conference on June 28, 2015, plaintiff asked defendant

6    Epperson why he annotated plaintiff's locator card in this way, and Epperson allegedly responded

7    that "it's like a rap sheet."  (ECF No. 1 at 12.)

8            Retaliation by a state actor for the exercise of a constitutional right is actionable under 42

9    U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper.  Mt.

10   Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).  "Within the prison context, a

11   viable claim of First Amendment retaliation entails five basic elements:  (1) an assertion that a

12   state actor took some adverse action against an inmate[4] (2) because of (3) that prisoner's

13   protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

14   rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v.

15   Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  To show that the adverse

16   action was taken because of protected conduct,[5] there must be evidence linking the alleged

17   retaliation to the exercise of a constitutional right.  See Mt. Healthy, 429 U.S. at 287 ("[I]n this

18   case, the burden was properly placed upon [the plaintiff] to show that his conduct was

19   constitutionally protected, and that this conduct was a 'substantial factor' or to put it in other

20   words, that it was a 'motivating factor' in the [alleged retaliatory conduct]"); Pratt v. Rowland, 65

21   F.3d 802, 807 (9th Cir. 1995).  However, retaliation may also be inferred from the timing and

22   ////

23   ───────────────────

24   [4]  For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a
     person of ordinary firmness from continuing to engage in the protected activity[ ]."  Pinard v.
25   Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006).  See also White v. Lee, 227 F.3d
     1214, 1228 (9th Cir. 2000).

26   [5]  Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in
27   the courts.  See Rhodes, 408 F.3d at 567.  Prison officials may not retaliate against prisoners for
     exercising these rights.  Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997);
28   Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

1   nature of the alleged retaliatory activities.  Pratt, 65 F.3d at 808 (citing Sorrano's Gasco, Inc. v.

2   Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989)).

3       The Ninth Circuit has found that preserving institutional order, discipline and security are

4   legitimate penological goals which, if they provide the motivation for an official act taken, will

5   defeat a claim of retaliation.  Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v.

6   Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights

7   must be analyzed in terms of the legitimate policies and goals of the correctional institution in the

8   preservation of internal order and discipline, maintenance of institutional security, and

9   rehabilitation of prisoners.").  Thus, the burden is on plaintiff to allege and demonstrate that

10   legitimate correctional purposes did not motivate the actions by prison officials about which he

11   complains.  See Pratt, 65 F.3d at 808 ("[Plaintiff] must show that there were no legitimate

12   correctional purposes motivating the actions he complains of.").

13       Here, plaintiff's allegations fail to state a cognizable retaliation claim against defendant

14   Epperson for his more recent conduct because plaintiff has not alleged facts demonstrating that

15   Epperson retaliated against plaintiff based on plaintiff's constitutionally protected conduct. [6]

16   Plaintiff has not addressed all of the elements required under Rhodes, 408 F.3d at 567-68.  It is

17   also unclear whether the locator card was annotated based on the criminal charges or on the

18   incident report #0849352330 for which plaintiff concedes he was found guilty.  If defendant

19   Epperson annotated the charges based on the incident report, a jury could find that it was

20   annotated for legitimate correctional purposes rather than retaliation.  Similarly, if plaintiff's

---

21   [6]  The falsification of disciplinary reports does not state a standalone constitutional claim.

22   Canovas v. California Dept. of Corrections, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see, e.g.,
     Lee v. Whitten, 2012 WL 4468420, *4 (E.D. Cal. 2012).  There is no constitutionally guaranteed

23   immunity from being falsely or wrongly accused of conduct which may result in the deprivation
     of a protected liberty interest.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman

24   v. Rideout, 808 F.2d 949, 951 (2d Cir.1986)).  "Specifically, the fact that a prisoner may have
     been innocent of disciplinary charges brought against him and incorrectly held in administrative

25   segregation does not raise a due process issue.  The Constitution demands due process, not error-
     free decisionmaking."  Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing

26   Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868

27   (5th Cir. 1983)). To state a cognizable retaliation claim, plaintiff must identify constitutionally
     protected conduct he was engaged in, and allege facts demonstrating that defendant Epperson

28   took adverse action against plaintiff because of such protected conduct.

1   locator card was annotated based on the incident report which has not been expunged, plaintiff

2   may be unable to demonstrate an adverse action as defined by Rhodes.

3        In addition, plaintiff seeks to have the terms "attempted murder" stricken from all of his

4   files that do not include the acknowledgment that he was acquitted by a jury of such charges.  But

5   plaintiff does not address what steps he took, if any, to have such records or the incident report

6   expunged or annotated following the jury's verdict in 2002 or thereafter.[7]  It is also unclear

7   whether defendant Epperson was aware of plaintiff's acquittal on criminal charges.

8        Finally, plaintiff fails to include sufficient factual allegations to determine whether he can

9   state a cognizable due process claim concerning the prison disciplinary that defendant Epperson

10  heard.  The following standards may assist plaintiff in determining whether he can allege facts

11  demonstrating a due process violation.

12       The Due Process Clause protects prisoners from being deprived of liberty without due

13  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

14  action for deprivation of due process, a plaintiff must first establish the existence of a liberty

15  interest for which the protection is sought.  Liberty interests may arise from the Due Process

16  Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty interests

17  created by state law are generally limited to freedom from restraint which "imposes atypical and

18  significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v.

19  Conner, 515 U.S. 472, 484 (1995).

20       "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

21  panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556.

22  With respect to prison disciplinary proceedings, the minimum procedural requirements that must

23

---

24  [7]  Moreover, plaintiff did not address the issue of exhaustion of administrative remedies in his pleading.  Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731,

25  741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Thus, plaintiff was

26  required to put jail officials on notice of his claim prior to filing the instant action, and attempt to resolve the issue of the annotation of his records through the administrative grievance process.

27  Although the failure to exhaust is an affirmative defense that a defendant must plead and prove, plaintiff risks further delay if he has failed to exhaust such remedies.

28

9

1  be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

2  receives written notice and the time of the hearing, so that the prisoner may prepare his defense;

3  (3) a written statement by the fact finders of the evidence they rely on and reasons for taking

4  disciplinary action; (4) the right of the prisoner to call witnesses and present documentary

5  evidence in his defense, when permitting him to do so would not be unduly hazardous to

6  institutional safety or correctional goals; and (5) legal assistance to the prisoner where the

7  prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the

8  five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14

9  F.3d 1415, 1420 (9th Cir. 1994), overruled on other grounds by Sandin, 515 U.S. at 483-84.

10  III.  Amended Complaint

11        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

12  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

13  court has determined that the complaint does not contain a short and plain statement as required

14  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

15  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

16  v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

17  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

18  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

19  complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

20        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

21  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

22  Goode, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named

23  defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some

24  affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.;

25  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Furthermore,

26  vague and conclusory allegations of official participation in civil rights violations are not

27  sufficient.  Ivey, 673 F.2d at 268.

28  ////

10

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////

////

////

////

11

1        Failure to file an amended complaint in accordance with this order may result in the

2    dismissal of this action.

3    Dated:  November 12, 2015

4

5    /cw/smit1598.14

                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL LENOIR SMITH,                        No.  2:15-cv-1598 KJN P

12               Plaintiff,

13        v.                                       NOTICE OF AMENDMENT

14   DARREN ALBEE, et al.,

15               Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19               _____        Amended Complaint
     DATED:
20

21                                      _____
22                                      Plaintiff

23

24

25

26

27

28