UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH, | No. 2:15-cv-1598 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DARREN ALBEE, et al., | |
| Defendants. | |

I. Introduction

      Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. On November 13, 2015, plaintiff's complaint was dismissed, and plaintiff was granted thirty days in which to file an amended complaint. After being granted multiple extensions of time, plaintiff was granted up to and including May 2, 2016, in which to file an amended complaint. Plaintiff did not file an amended complaint by May 2, and on May 10, 2016, the undersigned recommended that this action be dismissed. However, on May 10, 2016, plaintiff's amended complaint was entered on the court's docket. The amended complaint was received by the court on May 9, 2016, but was signed by plaintiff on May 4, 2016. Plaintiff declared under penalty of perjury that the amended complaint was mailed to the court on April 4, 2016. (ECF No. 21 at 70.) However, on May 20, 2016, plaintiff filed a declaration stating that due to difficulties accessing the law library for photocopying, his amended pleading was not mailed until May 5,

2016.  Good cause appearing, the undersigned will vacate the findings and recommendations, and screen plaintiff's amended complaint.

II. Screening

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen

2

v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability.  Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

III.  Discussion

Review of plaintiff's 70 page amended complaint demonstrates that plaintiff did not follow the court's November 13, 2015 order in preparing his amended pleading.  Plaintiff renewed claims addressed in the court's prior screening order, including stale allegations based on incidents in 2002 and 2003.  Plaintiff was previously informed that claims based on incidents that took place in 2002 and 2003 are, on their face, barred by the statute of limitations, and plaintiff was informed that he should not renew such claims in any amended complaint.  (ECF No. 8 at 3-5.)  Plaintiff again included claims that his wife was subjected to false criminal charges.  (ECF No. 21 at 31, 69.)  As plaintiff was previously advised, he does not have standing to pursue claims on his wife's behalf; she must file her own action.[1]  (ECF No. 8 at 4 n.3.)

In addition, plaintiff included numerous allegations extraneous to any claims for relief, including discussions about his family, his work history, his mother's advice, parenting, and his future plans.  (ECF No. 21 at 61-65.)  The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by

---

[1] Moreover, even if plaintiff could raise a cognizable retaliation claim based on such false charges, such claim remains time-barred on its face, as the underlying incidents appear to have accrued between 2002 and 2004.  (ECF No. 8 at 4 n.3.)

Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from his amended pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions. The court finds that plaintiff's amended complaint does not contain a short and plain statement of his claims as required by Fed. R. Civ. P. 8(a)(2).

Rather, plaintiff includes a laundry list of allegations concerning incidents that occurred from 2002 through 2016. Plaintiff contends that many of these actions were taken in retaliation for the alleged attempted murder of sheriff's deputy Albee on April 13, 2002, despite the jury's subsequent acquittal. However, not all of the named defendants were involved in all of the alleged incidents; indeed, many of the named defendants work at different prisons, and the incidents occurred in different years. Thus, the myriad claims asserted in the amended complaint are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

20(a)(2). Although it appears that plaintiff believes the false information in the CDCR computer and on his locator card at the Sacramento County Jail concerning the 2002 attempted murder charges for which he was subsequently acquitted is the "same transaction," because defendants allegedly all retaliated against plaintiff because of the charges, plaintiff is mistaken. The court previously informed plaintiff what was required to state a cognizable retaliation claim. (ECF No. 8.)

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate to show that (1) the prison official acted in retaliation for the prisoner's exercise of a constitutionally-protected right and (2) the action "advanced no legitimate penological interest"). To show that the adverse action[2] was taken because of protected conduct,[3] there must be evidence linking the alleged retaliation to the exercise of a constitutional right. See Mt. Healthy, 429 U.S. at 287 ("[I]n this case, the burden was properly placed upon [the plaintiff] to show that his conduct was constitutionally protected, and that this conduct was a 'substantial factor' or to put it in other words, that it was a 'motivating

---

[2] For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006). See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

[3] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes, 408 F.3d at 567. Prison officials may not retaliate against prisoners for exercising these First Amendment rights. Id. at 568; see also Hines, 108 F.3d at 267 (prisoner may not be retaliated against for use of grievance system); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

factor' in the [alleged retaliatory conduct]"); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). However, retaliation may also be inferred from the timing and nature of the alleged retaliatory activities. Pratt, 65 F.3d at 808 (citing Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989)).

Here, plaintiff's amended complaint lacks allegations that plaintiff was engaged in conduct protected by the First Amendment. Of fundamental import to prisoners are their First Amendment "right[s] to file prison grievances," Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), and to "pursue civil rights litigation in the courts," Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). Moreover, there are no allegations herein regarding actions taken against plaintiff because he was attempting to file a grievance or pursue civil litigation.

Therefore, plaintiff's numerous retaliation claims against different individuals employed at different prisons or jails at various times in different years do not involve the same transaction, occurrence, or series of transactions or occurrences, and therefore must be brought in separate civil rights actions. Plaintiff provides no connection between the incidents and most of the defendants, other than his belief that the action taken against him was based on the defendant's alleged knowledge of the attempted murder charge. However, the attempted murder charge does not constitute First Amendment protected conduct by plaintiff. Also, the jury's verdict of acquittal does not constitute protected conduct by plaintiff. To state a cognizable retaliation claim, plaintiff must identify his own conduct protected under the First Amendment that plaintiff was engaged in, and allege facts demonstrating that each defendant took adverse action against plaintiff because of such protected conduct, and which then chilled plaintiff's First Amendment conduct. Plaintiff must allege facts demonstrating that plaintiff's constitutionally protected conduct of filing grievances or lawsuits was a substantial or motivating factor to each defendant's alleged adverse action. In other words, the contemplated protected conduct is plaintiff's conduct protected by the First Amendment, such as plaintiff filing an inmate appeal, grievance, or civil lawsuit. Here, plaintiff fails to raise a plausible link between his own protected activity under the First Amendment and the alleged adverse actions. See Walker v. Wechsler, 2016 WL 5930420, at *6 (E.D. Cal. Oct. 12, 2016) ("Plaintiff alleges that he was retaliated against because of the

6

facts involved in his underlying criminal conviction -- which does not equate to protected conduct for a retaliation claim," and complaint dismissed for failure to state a cognizable retaliation claim); Furrow v. Marberry, 412 Fed. Appx. 880 (7th Cir. 2011) (inmate failed to state a valid claim of retaliation under the First Amendment because the inmate failed to plausibly show that his transfer to the Special Housing Unit was motivated by a grievance, lawsuit, or other protected First Amendment activity of the inmate); see also Hasan v. U.S. Dep't of Labor, 400 F.3d 1001, 1005 (7th Cir. 2005) (no First Amendment right to make a false allegation; therefore, punishment for that offense is not unconstitutional retaliation).

In addition, plaintiff fails to demonstrate a plausible connection between the alleged incidents sufficient to suggest a pattern or series of related retaliatory actions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.")

Moreover, plaintiff was previously informed that the falsification of disciplinary reports does not state a stand-alone constitutional claim. Canovas v. California Dept. of Corrections, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see, e.g., Lee v. Whitten, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing of disciplinary charge against inmate actionable because done in retaliation for having filed a grievance.); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)).

To the extent plaintiff asserts that he was deprived of a constitutionally-protected liberty interest because prison officials imposed discipline that caused him to lose time credits and

1  extended his stay in prison, he may have a due process claim, but would need to assert such a

2  claim in a petition for writ of habeas corpus rather than a civil rights complaint.[4]  If success on a

3  claim would inevitably affect the duration of the prisoner's confinement -- as may be the case

4  where the prisoner claims that time credits were wrongfully taken away and, if restored, would

5  result in his earlier release from prison -- that claim must be brought in a habeas action.  See

6  Nettles v. Grounds, 830 F.3d 922, 931(9th Cir. July 26, 2016) (*en banc*).  Moreover, unless the

7  disciplinary proceedings involve the same individuals named as defendants, plaintiff must

8  challenge different disciplinary proceedings in separate actions.

9       In the "counts" portion of his amended pleading, plaintiff claims that his 5th and 6th

10 Amendment rights were violated.  The Fifth Amendment provides that "[n]o person. . . shall be

11 compelled in any criminal case to be a witness against himself." U.S. CONST., amend. V.  The

12 Fifth Amendment "can be asserted in any proceeding, civil or criminal, administrative or judicial,

13 investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably

14 believes could be used in a criminal or could lead to other evidence that might be so used."

15 United States v. Bodwell, 66 F.3d 1000, 1001 (9th Cir. 1995) (quotations and citation omitted).

16 In criminal prosecutions, the Sixth Amendment guarantees assistance of counsel to the accused.

17 Strickland v. Washington, 466 U.S. 668, 685 (1984).  The right also includes access to law books,

18 witnesses, and other tools necessary to prepare a defense.  Taylor v. List, 880 F.2d 1040, 1047

19 (1989).  Here, plaintiff's allegations do not show that his right against self-incrimination was

20 implicated, or that his statements were used against him in a criminal proceeding, or demonstrate

21 a violation of his Sixth Amendment rights.

22      Also, plaintiff contends that some of the defendants violated prison regulations.  (ECF No.

23 66 at 66.)  However, section 1983 provides no redress for prison officials' mere violation of state

24 prison regulations.  See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983

---

[4] Plaintiff alleges that one of the disciplinary hearing officers was defendant Sgt. Epperson, the same officer who wrote the inaccurate remarks on the locator card at the jail and who was on duty in booking when the April 13, 2002 incident occurred. (ECF No. 21 at 59.) The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." Wolff v. McDonnell, 418 U.S. 539, 571 (1974). However, plaintiff also claims he is currently suing Sgt. Epperson, ostensibly in a separate action since plaintiff did not include this claim in the counts portion of his amended pleading.

claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370-71 (9th Cir. 1996) (federal and state law claims should not be conflated; to the extent the violation of a state law amounts to a deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress) (quotation marks omitted).

Finally, in count III, plaintiff alleges that defendants Harrison, Nuckles and Briddle coerced plaintiff to dismiss his civil actions against Deputies Albee and Green, allegedly in violation of plaintiff's 5th, 6th, 8th, and 14th Amendment rights. (ECF No. 21 at 69.) However, plaintiff fails to provide sufficient factual allegations to demonstrate a constitutional violation occurred.

Thus, for the above reasons, plaintiff's amended complaint must be dismissed.

IV. Leave to Amend

It is not clear that plaintiff can amend to state a cognizable civil rights claim. In an abundance of caution, the court grants plaintiff leave to file a second amended complaint. However, plaintiff is granted leave to file a second amended complaint that raises allegations concerning only related claims. Plaintiff must raise other, unrelated[5] claims in a separate civil rights action. Plaintiff is not required to file a second amended complaint, but may choose to voluntarily dismiss this action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.

---

[5] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

1  Goode, 423 U.S. 362, 371 (1976).  Also, the amended pleading must allege in specific terms how
2  each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless
3  there is some affirmative link or connection between a defendant's actions and the claimed
4  deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d
5  at 743.  Furthermore, vague and conclusory allegations of official participation in civil rights
6  violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7        Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See
8  Fed. R. Civ. P. 20(a)(2).

9        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
10  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
11  complaint be complete in itself without reference to any prior pleading.  This requirement exists
12  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
13  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
14  original and amended pleadings no longer serve any function in the case.  Therefore, in a second
15  amended complaint, as in an original complaint, each claim and the involvement of each
16  defendant must be sufficiently alleged.

17        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
18  has evidentiary support for his allegations, and for violation of this rule the court may impose
19  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20        A prisoner may bring no § 1983 action until he has exhausted such administrative
21  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.
22  Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental
23  policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]
24  welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC
25  form 602 that asks simply that the prisoner "describe the problem" and "action requested."
26  Therefore, this court ordinarily will review only claims against prison officials within the scope of
27  the problem reported in a CDC form 602 or an interview or claims that were or should have been
28  uncovered in the review promised by the department.  Plaintiff is further admonished that by

10

signing a second amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Finally, the court has revised the form for filing a civil rights complaint by a prisoner. Because plaintiff's amended complaint was unduly long, plaintiff is required to file any second amended complaint on the form used by this district. In addition, <u>plaintiff's amended pleading is limited to 20 pages</u>. Plaintiff shall not exceed the page limit and is not required to append exhibits to his amended pleading.[6] Failure to comply with this order will result in the dismissal of this action.

V. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. The May 10, 2016 findings and recommendations (ECF No. 22) are vacated;

2. Plaintiff's amended complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice; and

    b. An original and one copy of the Second Amended Complaint, or his request to voluntarily dismiss this action.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint shall also comply with this court's November 13, 2015 order and the instant order. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint must be filed on the court's current form and <u>shall not exceed 20 pages</u>.

////

---

[6] Plaintiff referred to numerous exhibits in his amended complaint, but did not append any exhibits. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), exhibits are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), plaintiff will have the opportunity at that time to submit evidence.

Failure to file a second amended complaint in accordance with this order will result in the dismissal of this action.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action by a prisoner.

Dated: October 18, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1598.14b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARREN ALBEE, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-1598 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　Second Amended Complaint (Must be filed on court's form and shall not exceed 20 pages)

　　OR

　　　_____　　Plaintiff chooses to voluntarily dismiss this action.

DATED:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Plaintiff