UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DARREN ALBEE, et al.,<br><br>　　　　　　Defendants. | No. 2:15-cv-1598 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

　　Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. Plaintiff's second amended complaint is now before the court.

　　As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

II. Plaintiff's Second Amended Complaint

　　Plaintiff names the following defendants: Deputy Darren Albee; Sacramento Sheriff's Department; CDCR; Sheriff Scott Jones; Sgt. Alexander; and Russel Detrick, Court

Commissioner, Sacramento Superior Court.  Plaintiff again raises claims based on events in 2002, although some of his allegations are marked "background," he also claims a "cause of action" alleging that defendants Jones and Albee "conspired to charge plaintiff with attempted murder of defendant Albee. (ECF No. 25 at 12.)  Plaintiff alleges that since he was acquitted of the attempted murder charge, the CDCR has maintained in its electronic files, that plaintiff has an "active" case for attempted murder of a deputy, despite state regulations that mandate that court verdicts shall be the finding of fact. (ECF No. 25 at 13.)  Plaintiff argues that these records make it appear that he was charged in 2013 while he was out to court for resentencing consideration. While plaintiff was out to court to the Sacramento County Main Jail in 2015, the Sacramento County Sheriff's Department maintained a locator card that states plaintiff attempted to murder defendant Albee.  Plaintiff filed a grievance asking that it be removed, but defendant Alexander refused. (ECF No. 25 at 13.)  Plaintiff also alleges that defendant Jones "signed a motion falsely asserting that plaintiff was found in possession of an inmate-manufactured knife." (ECF No. 25 at 14.)  Finally, plaintiff claims that Court Commissioner Detrick was the prosecutor in the attempted murder case, and was initially assigned to plaintiff's resentencing case.  Plaintiff claims he had to file a complaint to the judicial counsel, and defendant Detrick was removed, but plaintiff alleges that Detrick "knew or reasonably knew the case was about [plaintiff] and quietly worked in the shadows influencing it negatively." (ECF No. 25 at 15.)

III. <u>Discussion</u>

    A. <u>Claims based on 2002 Events</u>

Plaintiff claims that in 2002, he was housed at the Sacramento County Main Jail, where he witnessed numerous assaults by white deputies on African-American inmates.  On March 13, 2002, plaintiff witnessed defendant Albee "ruthlessly attack" African- American inmate Ernest Walker.  Following these assaults, plaintiff claims that the white deputies would fabricate "spurious incident reports" to cover up their own misconduct. (ECF No. 25 at 6.)  Plaintiff filed a grievance recounting these assaults, and alleged that because he was also African-American, there was a potential for him to be attacked by white deputies as well.  Subsequently, on April 13, 2002, plaintiff claims that defendant Albee attacked him, and then falsely accused plaintiff of

assault to cover up Albee's actions. Plaintiff then discusses other events concerning his underlying criminal charges, during which defendant Jones, then a Sergeant and member of the California State Bar, represented the sheriff's department at a hearing where plaintiff complained he was not given the law library access the court had previously ordered. (ECF No. 25 at 11.) Plaintiff states that the court ruled that plaintiff's due process rights had been violated, and that the court's order granting plaintiff access to the court had been abrogated. (Id.) Plaintiff alleges that defendant Jones "threw his legal file folder in the courtroom into the well of the court," and "Jones stated that he did not know what degree of misbehavior would be necessary to revoke plaintiff's pro per privileges." (Id.) Plaintiff contends that as a result, and in retaliation for his earlier-filed grievance concerning white deputies beating African-American inmates, defendants Jones and Albee conspired to charge plaintiff with attempted murder of defendant Albee. (ECF No. 25 at 12.)

Plaintiff was subsequently acquitted of attempted murder on December 19, 2002.

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). A claim under 42 U.S.C. § 1983 accrues when the "wrongful act or omission results in damages." Wallace v. Kato, 549 U.S. 384, 388, 391 (2007); Hardin v. Staub, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

California law determines the applicable statute of limitations in this § 1983 action. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Until December 31, 2002, the applicable state limitations period was one year. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 340(3) (West Supp. 2002); see also Maldonado, 370 F.3d at 954-55.[1]

Effective January 1, 2003, the applicable California statute of limitations was extended to two

---

[1] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (citations omitted).

3

years.  See Blanas, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1).  However, the new statute of limitations period does not apply retroactively.  Maldonado, 370 F.3d at 955.  California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."  Cal. Civ. Proc. Code § 352.1.[2]  The limitations period is also tolled while the prisoner completes the mandatory exhaustion process.  Brown v. Valoff, 422 F.3d 926. 942-43 (9th Cir. 2004).

Here, plaintiff first became aware in April of 2002 that defendant Albee falsely accused plaintiff.  On April 25, 2002, plaintiff was issued an incident report #0849352330 for attempted murder of a peace officer by Deputy D. Treat, subsequently found guilty, and administratively punished.  (ECF No. 1 at 6.)  Criminal charges were also brought against him in the Sacramento County Superior Court, including charges of attempted murder and assault of a peace officer.  On December 19, 2002, a jury found plaintiff not guilty of attempted murder, but a mistrial was declared on the assault charges.  On December 19, 2002, plaintiff was subsequently acquitted by a jury of the charges alleged by defendant Albee.  (ECF No. 1 at 11; 25 at 12.)

Thus, plaintiff's claims based on the alleged false charges in April of 2002, the alleged conspiracy, retaliation, and plaintiff's December 19, 2002 acquittal of attempted murder charges accrued in 2002 are subject to a one year statute of limitations period because such claims precede the 2003 extension of the limitations period.  Maldonado, 370 F.3d at 955.

Plaintiff is entitled to tolling of the statute of limitations period for an additional two years.  Blanas, 393 F.3d at 927 n.5.  Therefore, plaintiff was required to bring these civil rights claims before April of 2005 and December of 2005, respectively.  Plaintiff did not file the instant action until July 11, 2015, over ten years too late.

Even assuming, arguendo, the court were to grant plaintiff the additional year of tolling, it would not be sufficient to toll the statute of limitations period inasmuch as plaintiff became aware of Albee's alleged false charges in April of 2002.

---

[2] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Blanas, 393 F.3d at 927 n.5 (citations omitted).

4

Federal courts generally apply the forum state's law regarding equitable tolling. Fink, 192 F.3d at 914. Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. See Hull v. Central Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1335, 34 Cal. Rptr. 2d 175 (1994). Given the lengthy delay here, it is unlikely that plaintiff could plead facts demonstrating an entitlement to equitable tolling for a nine or ten year period of time.

Thus, plaintiff's claims based on events in 2002 are, on their face, barred by the statute of limitations, and the undersigned recommends that such claims should be dismissed.

### B. CDCR

Defendant CDCR is not a proper defendant. State agencies, such as the California Department of Corrections and Rehabilitation ("CDCR"), are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies). Thus, defendant CDCR should be dismissed.

### C. Russel Detrick

Plaintiff claims that defendant Detrick was the prosecutor in the attempted murder case, and was initially assigned to plaintiff's resentencing case. Plaintiff claims he had to file a complaint to the judicial counsel, and defendant Detrick was removed, but plaintiff alleges that defendant Detrick "knew or reasonably knew the case was about [plaintiff] and quietly worked in the shadows influencing it negatively." (ECF No. 25 at 15.)

While detailed factual allegations are not required in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

Plaintiff's bald assertion concerning defendant Detrick is insufficient to state a claim. Indeed, plaintiff concedes he sought removal of defendant Detrick from the case addressing plaintiff's motion for re-sentencing, and plaintiff's request was granted. A new judicial officer was assigned to hear plaintiff's motion. Plaintiff's sole allegation that defendant Detrick "worked in the shadows" is insufficient to state a cognizable civil rights violation. The undersigned recommends that defendant Detrick be dismissed.

D. Defendant Jones' Alleged False Claim

Plaintiff also alleges that defendant Jones "signed a motion falsely asserting that plaintiff was found in possession of an inmate-manufactured knife." (ECF No. 25 at 14.) To the extent plaintiff attempts to raise a retaliation claim against defendant Jones based on such knife incident, plaintiff fails to address the five prongs required under Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff discusses how he found the knife, but fails to elaborate on any purported retaliation claim based on defendant Jones signing a "motion." On November 13, 2015, plaintiff was initially informed of the five prongs he must address in pleading a retaliation claim. (ECF No. 8 at 7.) Plaintiff was also informed that the falsification of disciplinary reports does not state a standalone constitutional claim. (ECF No. 8 at 8 n.6.) Finally, it appears that this alleged act by defendant Jones took place while plaintiff was re-housed at the jail for hearing on his request

for re-sentencing in 2015. Thus, it is unlikely plaintiff exhausted his administrative remedies as to such claim prior to filing the instant action on July 11, 2015. For all of these reasons, plaintiff's conclusory claim as to defendant Jones actions in connection with the knife found in plaintiff's mattress should be dismissed without prejudice to plaintiff's bringing such claim in a separate action.

### E. "Ongoing Retaliation"

Plaintiff appears to attempt to connect incidents that occurred in 2015 with a grievance he filed in 2002 while housed in the Sacramento County Jail. However, he fails to demonstrate that any of the named defendants, aside from defendants Albee and Jones, were aware of such grievance. Any retaliation claim against defendants Albee and Jones in connection with the 2002 incidents is time-barred, as discussed above. Moreover, given the span of time, 13 years, plaintiff adduces no facts demonstrating that any of the incidents in 2015 were in retaliation for plaintiff's grievance filed in 2002. Thus, plaintiff's purported claim of "ongoing retaliation" should also be dismissed.

### F. Failure to Correct Jail Records

Plaintiff alleges that despite being acquitted by a jury of the attempted murder charge, defendants Alexander and the Sacramento County Sheriff's Department failed to correct their records. In 2015, plaintiff confirmed that the jail locator card continued to reference the attempted murder charge, despite plaintiff's acquittal. Plaintiff contends that the failure to correct these records subjects him to continual torment by jail staff, and results in further trumped-up charges against him. Plaintiff claims his efforts to correct such records have failed. Liberally construed, plaintiff's second amended complaint states a potential cognizable due process claim against defendants Alexander and the Sacramento County Sheriff's Department based on their alleged failure to correct their internal records to reflect that plaintiff was acquitted by a jury of the attempted murder charge.

IV. Conclusion

Plaintiff has been granted leave to amend on multiple occasions, and further leave to amend would be futile.

7

The second amended complaint states a potentially cognizable due process claim for relief against defendants Alexander and the Sacramento County Sheriff's Department pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of such due process claim. Plaintiff's remaining claims should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Sgt. Alexander and the Sacramento County Sheriff's Department.

2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint (ECF No. 25).

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Three copies of the endorsed second amended complaint (ECF No. 25).

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims based on the incidents in 2002, including his retaliation claims against defendants Albee and Jones based on their actions in 2002, be dismissed with prejudice; and

2. Plaintiff's remaining claims, including his claim against defendant Jones based on Jones' alleged false claim in 2015, be dismissed without prejudice.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1598.ord

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARREN ALBEE, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1598 JAM KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

  Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

  \_\_\_\_  completed summons form

  \_\_\_\_  completed USM-285 forms

  \_\_\_\_  copies of the _____
        Second Amended Complaint

DATED:

               _____
               Plaintiff