UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH, | No. 2:15-cv-1598 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| DARREN ALBEE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 28, 2017, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff filed objections to the findings and recommendations.[1]

////

---

[1] Plaintiff claims that the prosecution used the attempted murder charge to oppose plaintiff's request for re-sentencing, and argues the superior court used it to deny plaintiff's resentencing request. (ECF No. 27 at 4.) Plaintiff is advised that he must raise any challenges to the fact or duration of his conviction or sentence through a writ of habeas corpus under 28 U.S.C. § 2254, not a civil rights action.

1

Plaintiff now argues that his claims based on events in 2002 should not be time-barred because he did not learn of the jail locator card until 2013,[2] and he alleges that defendants are engaged in the "continuing wrong" of mistreating plaintiff in the county jail and the CDCR from 2002 through June 29, 2017. (ECF No. 27 at 2-3.) However, "the 'continuing violations' doctrine was not designed to extend the statute of limitations in cases involving discrete unlawful acts or continuing ill effects from an injury occurring outside the limitations period." Ybarra-Johnson v. State of Arizona, 2014 WL 5843358, at *4 (D. Az. Nov. 12, 2014) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); Knox v. Davis, 260 F.3d 1009, 1014-15 (9th Cir. 2001)) (this court has repeatedly held that a mere continuing *impact* from past violations is not actionable.). The allegations of the second amended complaint, even liberally construed in light of our notice pleading system, do not properly yield a finding that plaintiff's § 1983 claims arising out of the allegations that in 2002, Deputy Albee falsely accused plaintiff of attempted murder, and the conspiracy and retaliation claims that took place in 2002, are timely. Aside from the remaining due process claims, plaintiff has failed to articulate cognizable civil rights claims against other defendants following the 2013 discovery of the locator card, despite multiple opportunities to amend his pleading. (ECF No. 8 at 8 (failed to address all elements of a retaliation claim against Epperson); ECF No. 24 at 4, 6-7 (included laundry list of allegations based on incidents from 2002-16, but named individuals who were not involved in all of the alleged incidents, many of whom worked at different prisons; the court again provided plaintiff with the standards governing retaliation claims, as well as rules governing proper joinder of claims).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, this action will proceed on plaintiff's due process claims against defendants Sgt.

---

[2] Plaintiff claims he received the locator card through discovery from the prosecution in 2013. (ECF No. 27 at 3.) He alleges the card states: "Tried to throw deputy Albee off tier in '02. SHU inmate known for litigation." (ECF No. 27 at 3.)

2

Alexander and Sacramento County Sheriff's Department.  (ECF No. 26 at 7.)

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 28, 2017, are adopted in full;

2. Plaintiff's claims based on the incidents in 2002, including his retaliation claims against defendants Albee and Jones based on their actions in 2002, are dismissed with prejudice; and

3. Plaintiff's remaining claims, including his claim against defendant Jones based on Jones' alleged false claim in 2015, are dismissed without prejudice.

DATED: March 19, 2018

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE