UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARREN ALBEE, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1598 JAM KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se. On March 26, 2019, defendant County filed a motion to compel discovery responses. Defendant County avers that plaintiff altogether failed to respond to defendant's request for production of documents, and that his responses to defendant's special interrogatories were evasive and incomplete and should be treated as no response at all. On April 8, 2019, plaintiff filed a request for court order/access to the courts which the court construes as a partial opposition to the motion to compel, as well as his request for court assistance to gain access to the law library to photocopy the documents responsive to defendant's request for production of documents. Defendant filed a reply. As discussed below, the court partially grants the motion to compel and plaintiff's motion for assistance.

　　　　On January 2, 2019, the undersigned issued a discovery and scheduling order that provides that responses to written discovery requests shall be due forty-five days after the request

////

1

is served. (ECF No. 48 at 4.) The discovery requests at issue here were served on January 29, 2019; therefore, plaintiff's responses were to be served on or before March 15, 2019.

I. <u>Applicable Legal Standards</u>

Under Rule 26 of the Federal Rules of Civil Procedure, [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a) (2). A party objecting to an interrogatory must state the grounds for the objection with specificity. Fed. Civ. P. 33(b)(4). With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

II. <u>Discussion</u>

    A. <u>Motion to Compel Further Responses to Special Interrogatories</u>

In his opposition, plaintiff failed to address defendant County's challenge to the interrogatory responses. Rather, his focus was on his inability to access the law library to obtain photocopies of documents to provide defendant. (ECF No. 60.) Because such interrogatories only require plaintiff to specifically identify the facts supporting his due process claim, not requiring legal arguments or case citations, his objection that he has no law library access is not

relevant to his responses to the special interrogatories and any such objection is overruled.

As noted above, under the Federal Rules of Civil Procedure, boilerplate objections to discovery responses do not suffice. See Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 33(b)(2)(B). In this regard, defendant County's argument with respect to boilerplate objections is, generally speaking, well-taken. However, plaintiff's responses to the interrogatories reflect that in addition to plaintiff's attempt to preserve certain objections to defendant County's special interrogatories, plaintiff did provide answers.

Specific Interrogatories

Defendant County objects to plaintiff's responses to interrogatory nos. 3 and 7, arguing it is evasive for plaintiff to direct defendant County to plaintiff's pleading for a response. Such objection is well-taken given that numerous claims were screened out. Plaintiff is required to file further responses to interrogatory nos. 3 and 7.

Defendant also objects to plaintiff's responses to interrogatory nos. 10-13, 18, 19, and 23, arguing that his responses are evasive, incomplete and unresponsive and thus should be treated as no response at all. (ECF No. 58-1 at 4.) Plaintiff's responses to nos. 10, 11, 12, 13, 18, and 19 improperly refer the reader back to a number range of interrogatory responses that may or may not be relevant to the interrogatory. Thus, plaintiff is required to provide further responses to nos. 11, 12, 13, 18 and 19, without simply referring to prior answers. Plaintiff must provide factual responses to each interrogatory, identifying facts, witnesses, or listing documents as each interrogatory requires. Plaintiff's objections that nos. 18 and 19 are redundant are overruled because the context of such interrogatories differs from the context of other interrogatories, for example, see no. 14 (restraint of freedom).

But no further response is required for no. 10 because plaintiff answered no. 10 in his response to no. 15. Although plaintiff's response to no. 10 referred to his response to nos. 1 through 9, plaintiff later affirmatively answered that he does assert that his substantive due process rights were violated. (ECF No. 58-2 at 33.)

Finally, as to interrogatory no. 23, although plaintiff refers to his response to interrogatory no. 5, where he listed documents he alleges support his claim that his rights were violated, it is

3

unclear whether the documents listed answer the question. Defendant asks plaintiff to identify all documents which he alleges supports his claim for <u>damages</u>. (ECF No. 58-2 at 36.) In his response to no. 5, plaintiff lists the locator card, incident reports, a superior court case number, and a grievance and a response, and states more documents may be identified during discovery. (ECF No. 58-2 at 30.) If plaintiff has additional documents in his possession that support his claim for <u>damages</u> in this action, he must file a supplemental response identifying such document. If, at this time, he does not have any additional documents, he may confirm that in his further responses required by this order.

### Remaining Interrogatories

Defendant County did not address in its motion to compel why plaintiff's substantive answers to <u>each</u> of the 24 interrogatories is evasive or incomplete. By way of example, defendant County's interrogatory one and plaintiff's response is as follows:

> Special Interrogatory No. 1:
>
> Do YOU contend any of the Defendants YOU named in YOUR lawsuit violated YOUR rights?
>
> Plaintiff's Response:
>
> Plaintiff objects to this interrogatory as overbroad, vague, ambiguous and calling for conclusory responses. Plaintiff objects to the interrogatory as being convoluted and objects insofar as the word "named." Notwithstanding these objections, plaintiff responds in the affirmative.

(ECF No. 58-2 at 29.) The undersigned finds plaintiff's objection that this interrogatory is overbroad is well-taken because the court, in its screening order, screened out multiple claims against numerous defendants named in his pleading. (ECF No. 26.) Indeed, the court expressly found that plaintiff only stated a potentially cognizable due process claim for relief against defendants Alexander and the County based on plaintiff's allegation that such defendants failed to correct plaintiff's jail locator card. (ECF No. 26 at 7-8.) Nevertheless, plaintiff answered the interrogatory in the affirmative. Thus, no further response to No. 1 is required.

////

1    Defendant County, as the moving party, has the burden of informing the court (1) which
2 discovery requests are the subject of the motion to compel, (2) which of the plaintiff's responses
3 are disputed, (3) why it believes that plaintiff's responses are deficient, (4) why plaintiff's
4 objections are not justified, and (5) why the information sought is relevant to the prosecution of
5 this action. This court will not examine each remaining interrogatory and each of plaintiff's
6 responses thereto in order to determine whether any of plaintiff's substantive responses are
7 somehow deficient. See, e.g., Gamez v. Gonzalez, 2015 WL 236684 at * 10 (E.D. Cal. Jan. 16,
8 2015) (Plaintiff may not simply assert . . . that he is dissatisfied for general reasons with
9 Defendants' objections, and that he wants an order compelling production of documents.);
10 Calloway v. Kelley, 2014 WL 7140576 at *2 ("Plaintiff [moving party] bears the burden of
11 identifying which responses are in dispute and providing sufficient information so that the Court
12 can discern why he is challenging the response. It is insufficient for Plaintiff to merely attach all
13 discovery requests and responses thereto and claim he is not satisfied and request a further
14 response."). Thus, defendant County's motion to compel further answers to the remaining
15 interrogatories is denied.

    B. Defendant's Request for Production of Documents

17    The record reflects that plaintiff wholly failed to respond to the request for production of
18 documents. In his verified opposition, plaintiff declares that he has not been given law library
19 access to make photocopies despite multiple efforts. In reply, defendant County contends that
20 plaintiff's responses to the special interrogatories make clear that plaintiff has access to pens,
21 pencils and paper, and "to the extent plaintiff made a personal copy of his responses to [the]
22 interrogatories, the Court can infer that he was able to make that photo-copy without accessing
23 the law library." (ECF No. 61 at 2.) Defendant boldly states that "[n]othing about duplicating
24 documents requires access to the law library," without citation or legal support. (Id.) Defendant
25 fails to cite any regulation or provide any evidence that state prisoners have access to
26 photocopiers outside of the law library. In this court's experience, prisoners must have legal
27 documents copied in the prison law library. Moreover, because plaintiff's responses to the
28 interrogatories are handwritten, the court is unable to tell whether plaintiff filed a photocopy or

handwrote a second copy.  In addition, plaintiff declares that each time he has attempted to gain access to the California State Prison, Corcoran, law library he has been denied access, even though he has sought PLU status and presented a copy of the notice of deposition for April 5, 2019.

Further, plaintiff previously filed a motion styled, "Plaintiff's Motion and Notice and Motion of Deliberate Chilling of Plaintiff's Ability to Prosecute Action," on February 14, 2019, while he was housed at High Desert State Prison ("HDSP"), in which plaintiff referenced his inability to meet court deadlines and serve counsel for defendant all documents filed with the court.  Plaintiff sought a court order requiring HDSP staff to provide plaintiff access to the law library and to paper, pen, books and duplicating services.[1]  (ECF No. 54 at 3.)

That said, the court is concerned that in his March 3, 2019 letter to counsel for defendant County, written while plaintiff was still housed at HDSP, plaintiff stated he would "be able to respond" to the request for documents "after [defendant] comply/respond [sic] with [his] request for documents (set two)."  (ECF No. 58-2 at 40.)  In his letter, plaintiff made no mention of difficulties accessing the law library or making photocopies.  Importantly, in the absence of an ability to photocopy, plaintiff could have at least provided defendant a handwritten list of the documents responsive to the request for production to show his good faith effort to cooperate in discovery, and explain why he was unable to photocopy such documents.  Plaintiff's letter to defense counsel suggests that plaintiff was engaging in gamesmanship rather than attempting to cooperate in good faith in discovery.  Discovery is not a game of "gotcha" where plaintiff can dictate how or when he complies with court-ordered deadlines.  Rather, failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed.  See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents).  Moreover, if his failure to provide the documents was due to an inability to

---

[1] Subsequently, plaintiff was transferred back to California State Prison, Corcoran.  Therefore, plaintiff's motion is denied as moot.

photocopy, plaintiff could have asked defense counsel for an extension of time, or he could have filed a simple, one page request for extension of time with the court. Finally, plaintiff could have made arrangements with defense counsel to exchange documents at the deposition, where counsel could have assisted plaintiff in obtaining needed photocopies.

Nevertheless, because plaintiff's claim of lack of access to the prison law library to make photocopies has not been rebutted by defendant, the undersigned declines to grant defendant's motion to compel the production of documents, but rather sua sponte grants plaintiff an extension of time in which to provide the documents. Plaintiff is cautioned, however, that he must assertively exhaust prison procedures to gain law library access in order to timely obtain such photocopies. Plaintiff may seek the assistance of his counselor at the prison if he continues to experience difficulty with obtaining such access.

Finally, in light of this order, the court finds it necessary to extend the discovery deadline to provide plaintiff time to comply with this order, and defendant time to review the responses. Therefore, discovery is extended to August 13, 2019, for the sole purpose of resolving any discovery dispute related to the instant motion to compel. Neither party may propound new discovery to either party. As a result, the dispositive motions deadline is extended to November 4, 2019.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 54) is denied as moot;

2. Plaintiff's motion (ECF No. 60) is partially granted;

3. Defendant County's motion to compel (ECF No. 58) is partially granted;

4. Within thirty days, plaintiff shall file further responses to defendant County's special interrogatories, 3, 7, 11, 12, 13, 18, 19, and 23, as set forth above;

5. Plaintiff is granted thirty days in which to respond to defendant County's request for production of documents; this requires that plaintiff be granted access to the prison law library to have documents photocopied for production to counsel for defendant County;

6. The Court requests that the litigation coordinator at California State Prison, Corcoran, assist plaintiff in gaining timely law library access in order to photocopy documents necessary to

1 | comply with the discovery requests of defendant;

2 |     7. The Clerk of the Court is directed to serve a copy of this order on the litigation coordinator at California State Prison, Corcoran, P.O. Box 8800, Corcoran, CA 93212-8309.

    8. The court's January 2, 2019 discovery and scheduling order is revised as follows:

        A. The discovery deadline is extended to August 13, 2019, for the sole purpose of resolving any discovery dispute related to the instant motion to compel. Neither party may propound new discovery to either party.

        B. The dispositive motions deadline is extended to November 4, 2019.

        C. In all other respects, the January 2, 2019 discovery and scheduling order remains in effect. (ECF No. 48.)

Dated: May 14, 2019

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1598.mtc