UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>Plaintiff,<br><br>v.<br><br>DARREN ALBEE, et al.,<br><br>Defendants. | No. 2:15-cv-1598 JAM KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights action under 42 U.S.C. § 1983. Plaintiff's motion to amend is before the court. As set forth below, the undersigned recommends that plaintiff's motion to amend his complaint be denied, and his request to substitute the correct individual's name for defendant Alexander's name (ECF No. 52) is granted.

I. <u>Background</u>

Following multiple opportunities to amend, the district court confirmed that this action proceeds on plaintiff's due process claims against defendants Sgt. Alexander and the Sacramento County Sheriff's Department, and all of plaintiff's remaining claims were dismissed.[1] (ECF No.

---

[1] Plaintiff's claims based on the incidents in 2002, including his retaliation claims against defendants Albee and Jones based on their actions in 2002, were dismissed with prejudice. (ECF No. 29 at 3.) Plaintiff's remaining claims, including his claim against defendant Jones based on Jones' alleged false claim in 2015, were dismissed without prejudice. (<u>Id.</u>) Although plaintiff

1

29 at 2-3.) On April 25, 2018, service of process on defendant Alexander was returned unexecuted. In the request to opt out of the court's ADR pilot project, defense counsel stated that the Sacramento County Jail does not have an employee by the name of "Sgt. Alexander," which was confirmed in the county's answer. (ECF Nos. 42 at 3, 47 at 2.) On November 27, 2018, plaintiff was ordered to show cause why defendant Alexander should not be dismissed from this action. (ECF No. 45 at 2.) In his response, plaintiff recounted his effort to obtain the information through informal discovery, now served on counsel for the county, and was confident he would be able to inform the court the correct name of the sergeant for service of process. (ECF No. 46 at 3.)

At this time, only defendant Sacramento County Sheriff's Department has appeared in this action. (ECF No. 47.)

II. Motion to Amend

A. The Parties' Briefing

On January 3, 2019, plaintiff filed a two-page motion to amend his complaint.[2] Plaintiff claims he failed to explain the retaliatory acts taken against him because of due process violations resulting from the actions and inactions of defendants, and must name two additional defendants, Deputy McDaugherty and Sgt. Epperson "detailing the violations of plaintiff's constitutional rights." (ECF No. 50 at 2.) Plaintiff also claims that he "must name additional defendant Sheriff Deputy Dawe for violations of plaintiff's constitutional rights," as a result of the County's "refusal to remove the attempted murder of a sheriff's deputy from the Sacramento County Main Jail Locator Card" despite plaintiff's acquittal of such charge eleven years prior. (Id.)

In the proposed third amended complaint, plaintiff names as defendants the Sacramento County Sheriff's Department, Albee, Epperson, McDaugherty, Dawe and Sheriff Scott Jones, and claims additional First and Eighth Amendment violations. (ECF No. 51.)

---

named Sgt. Epperson as a defendant in his original and May 9, 2016 amended complaint (ECF Nos. 1 at 3, 21 at 68), plaintiff did not name Epperson as a defendant in his second amended complaint, the operative pleading herein. (ECF No. 25.)

[2] Plaintiff also sought to "change the caption naming defendants." (ECF No. 50.) Plaintiff is advised that it is not necessary to change the case caption.

2

Defendant Sacramento County Sheriff's Department (hereafter "defendant") opposes plaintiff's third attempt to amend his complaint because it is not limited to amending the name of the individual who authored the alleged false information on the locator card.  Rather, plaintiff includes previously-dismissed claims, renames Albee and Jones as defendants despite their prior dismissal from this action, and attempts to add additional defendants and new claims.  Defendants argue any amendment should be limited to the substitution of the correct individual for defendant Sgt. Alexander.

Plaintiff filed a reply on February 14, 2019, but failed to sign the reply.  (ECF No. 55.)  On May 14, 2019, plaintiff was informed of his obligation to sign filings under Rule 11(a) of the Federal Rules of Civil Procedure, and provided 21 days in which to re-file his signed reply.  (ECF No. 63.)  Plaintiff was cautioned that failure to re-file his signed reply could result in an order denying the motion to amend without considering his unsigned response.  (ECF No. 63 at 1.)

Rule 11(a) requires the court to "strike an unsigned paper unless the omission is promptly corrected."  Fed. R. Civ. P. 11(a).  Because plaintiff failed to timely re-file his reply bearing his signature, the reply is stricken and is not considered in ruling on plaintiff's motion to amend.

B. Legal Standard

Because defendants have filed an answer, Rule 15(a)(2) governs plaintiff's motion to amend, as follows:

> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951; accord Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117 (leave to amend may also be denied based on "repeated failure to cure deficiencies by amendments previously allowed.").

3

"'[P]rejudice to the opposing party carries the greatest weight.'" Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117 (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)). Leave to amend "is properly denied . . . if amendment would be futile." Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010)). Further, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

C. Discussion

*Bad Faith*

The first of the four relevant factors, bad faith, weighs against granting leave to amend based on plaintiff's attempt to add claims and defendants previously dismissed with prejudice from this action, as well as claims based on incidents that took place in 2002 that are time-barred on their face. By order filed March 19, 2018, the district court dismissed with prejudice plaintiff's claims based on the incidents in 2002, including his retaliation claims against defendants Albee and Jones based on their actions in 2002, adopting this court's findings that such claims were barred by the statute of limitations. (ECF No. 29 at 3, adopting ECF No. 26.) In his proposed amended pleading, plaintiff again recites allegations from 2002, and again names Albee and Jones as defendants based on their alleged actions in 2002. Such claims and defendants were dismissed with prejudice, barring plaintiff from raising them again in this action or any other federal action.

Moreover, the district court noted that despite multiple opportunities to amend, plaintiff failed to articulate cognizable civil rights claims against other defendants following the 2013 discovery of the locator card. (ECF No. 29 at 2, citing (ECF No. 8 at 8 (failed to address all elements of a retaliation claim against Epperson); ECF No. 24 at 4, 6-7 (included laundry list of allegations based on incidents from 2002-16, but named individuals who were not involved in all of the alleged incidents, many of whom worked at different prisons; the court again provided plaintiff with the standards governing retaliation claims, as well as rules governing proper joinder

4

of claims).) As discussed below, plaintiff's proposed amended pleading suffers many of the same defects.

Therefore, this factor favors denying leave to amend.

*Prejudice*

The second factor, prejudice to defendants, is the most important of the four factors, and weighs against granting leave to amend.

The nonmoving party is prejudiced when granting leave to amend would result in a need to reopen the discovery period and the period to file dispositive motions, or when dispositive motions already have been decided. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (quoting Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir. 1989)); Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cit. 1986) (affirming the denial of leave to amend and holding that the district court did not abuse its discretion in concluding that allowing amendment would prejudice the defendant because of the necessity for further discovery); see also Bassani v. Sutton, 430 Fed. App'x 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate conclusions -- that there would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his complaint two years into litigation and after the close of discovery -- were not an abuse of discretion").

Here, defendants will be prejudiced if plaintiff is granted leave to amend because discovery is closed except for the resolution of any discovery dispute related to the March 26, 2019 motion to compel. (See ECF No. 64.) Thus, discovery would need to be reopened if plaintiff was granted leave to amend. Also, because plaintiff seeks to add new claims and new defendants, this case would essentially start anew, and would further complicate the litigation because at present, this case proceeds solely on plaintiff's due process claim.

5

Thus, granting plaintiff leave to amend at this stage of the proceedings would prejudice defendants.

*Undue Delay*

Similarly, the third factor, undue delay, weighs moderately against granting plaintiff leave to amend. Here, plaintiff filed his proposed amended complaint on January 3, 2019, but it was submitted to prison officials for mailing before the court's discovery and scheduling order was filed on January 2, 2019. Thus, it was filed well before the court's initial discovery deadline.

"In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire "'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" AmerisourceBergen Corp., 465 F.3d at 953. "We have held that an eight month delay between the time of obtaining a relevant fact and seeking leave to amend is unreasonable." Id. Courts have found that an unexplained delay alone may be sufficient basis to deny leave to amend. Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006).

Here, plaintiff attempts to add claims based on an alleged 2015 disciplinary. In 2015, plaintiff was aware of the alleged false incident report and subsequent disciplinary action (ECF No. 51 at 7-8), yet failed to include such allegations in his original complaint or prior amended pleadings. In addition, plaintiff unduly delayed bringing a motion to amend to include claims as to defendant Epperson because Epperson was named in plaintiff's original and first amended complaints. Thus, plaintiff was aware of Epperson's alleged involvement at the time he filed his original pleading, and affirmatively omitted Epperson as a defendant in plaintiff's third amended complaint. Also, plaintiff offers no specific facts explaining his delay in raising such claims, or now seeking to re-name Epperson as a defendant. Rather, he states only that he "failed to explain the retaliatory acts taken against him due to the due process violations resulting from the actions and inactions of defendants." (ECF No. 50 at 2.) Such conclusory statement is insufficient to explain his delay.

Thus, this factor moderately weighs against granting leave to amend.

*Futility*

The fourth factor, futility, also weighs against granting leave to amend. Plaintiff may be denied leave to amend if the proposed amendment is futile or subject to dismissal. Carrico v. City & County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011).

As noted above, plaintiff's claims based on incidents that occurred in 2002 are barred by the statute of limitations and therefore, any effort to amend to include them, or individuals involved therein, are futile. See, e.g., FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994) (where statute of limitations has run, amendment is futile).

In addition, despite the court's detailed screening order informing plaintiff of the elements required to state a cognizable retaliation claim (ECF No. 24 at 6-7),[3] plaintiff generally alleges First Amendment violations and claims the newly named individuals retaliated against plaintiff, yet he again fails to identify his own conduct protected under the First Amendment that purportedly caused the alleged retaliatory acts. (ECF No. 51, *passim*.) As explained in the court's prior order, the attempted murder charge and the jury's verdict of acquittal do not constitute conduct protected under the First Amendment. Despite multiple attempts at amendment, plaintiff failed to allege that any named defendant took some adverse action against plaintiff because of plaintiff's conduct protected under the First Amendment. Thus, allowing plaintiff to again amend would be futile.

Finally, defendant argues that it would be futile for the court to allow plaintiff to amend to include his new Eighth Amendment claim based on the 2015 allegedly false disciplinary because such allegation fails to state a claim because the discipline he sustained does not constitute cruel and unusual punishment as a matter of law. Defendant's argument is well-taken. Moreover,

---

[3] "'Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.'" Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate to show that (1) the prison official acted in retaliation for the prisoner's exercise of a constitutionally-protected right and (2) the action "advanced no legitimate penological interest")." (ECF No. 24 at 5.)

because the instant action proceeds based on plaintiff's discovery of the jail locator card's information in 2013, any disciplinary action taken in 2015 or later is not properly joined in this action.[4] Thus, it would be futile to allow plaintiff to include such claim in this action.

C. Conclusion

For the reasons stated above, the undersigned finds that the factors weigh against granting plaintiff leave to amend. Therefore, plaintiff's motion for leave to amend should be denied.

III. Motion to Substitute Party

On January 16, 2019, plaintiff filed a notice indicating that through discovery, plaintiff identified Sergeant Gregory as the correct name of the individual sued as Sgt. Alexander in the operative pleading. Good cause appearing, the court finds it appropriate to substitute the correct name of the defendant incorrectly identified as "Alexander" in plaintiff's pleadings. The Clerk of the Court is directed to interlineate the name "Sergeant Gregory" in place of "Sergeant Alexander" throughout plaintiff's second amended complaint. (ECF No. 25.) In addition, the Clerk shall provide plaintiff with the necessary forms for service of process. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that his claims against defendant Gregory be dismissed.

IV. Motion for Extension of Time

On June 17, 2019, plaintiff filed a motion for extension of time to respond to defendants' January 29, 2019 request for production of documents. Plaintiff claims he was unable to timely reply because he was in administrative segregation for another charge of attempted murder of a peace officer in Lassen County, which plaintiff claims was brought against him in retaliation for the 2002 attempted murder charge. (ECF No. 65 at 1.) Plaintiff states the false charge was dismissed on March 12, 2019, and plaintiff was then transferred to Corcoran State Prison ("CSP") where he was only allowed law library access once until the court issued its May 14, 2019 order. Since that date, plaintiff has been granted six hours of law library access, which was not enough

---

[4] Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

to fully comply with defendant's discovery requests. Plaintiff claims he has about 600 pages to produce, but has only produced about 150 pages, due to the 50 page restriction on photocopying. Plaintiff seeks an additional thirty days in which to provide the documents to defendant.

Defendant opposes plaintiff's request on the grounds that none of the documents produced to date "have anything to do with incidents in the Sacramento County Jail from 2013-15 which are the subject of Plaintiff's operative complaint." (ECF No. 66-1 at 2.) Indeed, each page bears the header: "Plaintiff's Supplemental Complaint/Lodging of Documents 2:18-CV-02942 KJM AC," which is not the case number of the instant action. (ECF No. 66-1 at 2.) Moreover, review of the documents demonstrated plaintiff's new complaint brought in 2:18-cv-2942 KJM AC, as well as incident and disciplinary reports dated from 2016-18 in various correctional facilities. (ECF No. 66-1 at 2; 5-142.) Defendant argues that plaintiff is misusing the discovery process by attempting to submit documents intended for a different case, and has inappropriately used his copy privileges to serve nonresponsive documents intended for a different case, rather than producing documents responsive to the discovery request in this action. Finally, plaintiff produced no pleading or verification responsive to the defendant's request for production of documents. Therefore, defendant asks the court to deny plaintiff's request for an extension.

It is remarkable that plaintiff filed no reply, timely or otherwise, to defendants' opposition.[5]

On May 14, 2019, in ruling on defendant's motion to compel responses to the request for production, plaintiff was warned that a failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed.[6] (ECF No. 64 at 6.) On the top of each page produced to defense counsel, plaintiff handwrote: "Plaintiff's Supplemental Complaint/Lodging of Documents 2:18-cv-2942 KJM AC" with the appropriate page number followed by "of 259." (ECF No. 66-1 at 5-142.) Because

---

[5] Under Local Rule 230(l), plaintiff's reply was due seven days after defendants' June 24, 2019 opposition.

[6] See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents).

plaintiff handwrote this information on each page, along with the 2018 case number information, 137 times (at least on the documents filed in this case), it appears unlikely plaintiff mistakenly sent it to defendant's counsel, particularly where no attorney has appeared for defendants who have not yet been served or appeared in case no. 2:18-cv-2942 KJM AC.

Plaintiff has now wholly failed to respond to the request for production of documents propounded by defendants in January, despite this court's May 14, 2019 order. Thus, plaintiff's request for extension of time is denied, and defendant is granted thirty days in which to file a motion for expenses or a motion for sanctions related to plaintiff's failure to timely comply with the May 14, 2019 order.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to strike plaintiff's unsigned reply (ECF No. 55);

2. Plaintiff's motion to substitute Sgt. Gregory for Sgt. Alexander as a defendant in this action (ECF No. 52) is granted;

3. The Clerk of the Court shall interlineate the name "Sergeant Gregory" in place of "Sergeant Alexander" throughout plaintiff's second amended complaint (ECF No. 25);

4. The Clerk of the Court is directed to send to plaintiff one USM-285 form, along with an instruction sheet, summons form, and a copy of the second amended complaint (ECF No. 25) that bears the interlineation described in number 3 above;

5. Within twenty-one days, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court, with the following documents:

   a. One completed USM-285 form for defendant Gregory, Badge 64;

   b. Two copies of the endorsed second amended complaint filed November 17, 2016; and

   c. One completed summons form;

6. Plaintiff's motion for extension of time (ECF No. 65) is denied; and

7. Within thirty days, defendant shall file a motion for expenses or sanctions.

////

////

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend (ECF No. 50) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1598.mta

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>Plaintiff,<br><br>v.<br><br>DARREN ALBEE, et al.,<br><br>Defendants. | No. 2:15-cv-1598 JAM KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

   \_\_\_\_         completed summons form

   \_\_\_\_         completed USM-285 form

   \_\_\_\_         copies of the _____
                         Second Amended Complaint (ECF No. 25)

DATED:

                                               _____
                                               Plaintiff